IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

QUINTAVIOUS E. HAYES                                                                    PLAINTIFF

vs.                                        Civil No. 4:16-cv-04017

CAROLYN COLVIN                                                                          DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Quintavious Hayes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. Background:

Plaintiff's application for SSI was filed on October 29, 2012.  (Tr. 19, 161-169).  Plaintiff alleged he was disabled due to his left arm being paralyzed due to a football injury.  (Tr. 186). Plaintiff alleged an onset date of October 11, 2011, which was amended to October 29, 2012.  (Tr. 19, 161).  This application was denied initially and again upon reconsideration.  (Tr. 73-105).

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request was granted. (Tr. 115).

Plaintiff's administrative hearing was held on July 29, 2014. (Tr. 37-72). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff, his grandmother Glenda Randall, Medical Expert Dr. Charles Murphy, and Vocational Expert ("VE") Susan Johnson testified at this hearing. *Id.* At the time of this hearing, Plaintiff was twenty (20) years old and had a high school education. (Tr. 42, 46).

On November 14, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 19-32). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from October 29, 2012, his application date. (Tr. 21, Finding 1). The ALJ also determined Plaintiff had the severe impairments of residuals of an injury of the left brachial plexus due to a football injury of the left arm (now nonfunctional left upper extremity) and borderline intellectual functioning. (Tr. 21, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 26, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 28-31). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for light work except an inability to reach in all directions on more than a frequent basis with the right upper extremity; inability to reach, finger or feel with the left non-dominant upper extremity; ability to climb ramps and stairs constantly but not climbing ladders, ropes, or scaffolds; inability to crawl; must avoid exposure to unprotected heights, moving machinery, uneven terrain,

open bodies of water, open flames, or commercial driving; able to perform simple, routine and repetitive tasks; can be exposed to the general public; can sustain concentration for two hours at a time during an 8-hour workday; can tolerate change in routine work environment; and can use judgment appropriately. (Tr. 28, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 31, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 31, Finding 9). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as usher with 2,800 such jobs in Arkansas and 75,000 such jobs in the nation, hostess with 750 such jobs in Arkansas and 66,000 such jobs in the nation, and school bus monitor with 450 such jobs in Arkansas and 60,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since October 29, 2012. (Tr. 32, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 14). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On February 24, 2016, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 25, 2016. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

4

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred in the Step 5 determination. ECF No. 11, Pgs. 3-16. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's

RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC light work except an inability to reach in all directions on more than a frequent basis with the right upper extremity; inability to reach, finger or feel with the left-nondominant upper extremity; ability to climb ramps and stairs constantly but not climbing ladders, ropes, or scaffolds; inability to crawl; must avoid exposure to unprotected heights, moving machinery, uneven terrain, open bodies of water, open flames, or commercial driving; able to perform simple, routine and repetitive tasks; can be exposed to the general public; can sustain concentration for two hours at a time during an 8-hour workday; can tolerate change in routine work environment; and can use judgment appropriately. (Tr. 28, Finding 4). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 57-71). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 31, Finding 9). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 32,

Finding 10).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record.  *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true).  The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff.  Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

Plaintiff also argues he cannot perform the identified jobs, because these jobs are classified as sedentary work not light work and do not exist in significant numbers in Arkansas.  ECF No. 11, Pg. 14.  However, if a Plaintiff can perform light work, he can perform sedentary work.  20 C.F.R. §§ 416.967(a). 416.967(b).  Therefore, the VE did not err when he identified other jobs that Plaintiff could perform at the sedentary level.  (Tr. 32).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **9th day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE